**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Petramala,<br><br>    Plaintiff,<br><br>vs.<br><br>City of Scottsdale,<br><br>    Defendant. | No. CV-19-00063-PHX-SPL<br><br>**ORDER** |

   Before the Court is Defendant's Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Doc. 18) For the following reasons, the Motion will be granted.

**I. Background**

   This case arises from a job application submitted by Michael Petramala ("Plaintiff") to the City of Scottsdale ("Defendant"). (Doc. 17) On December 11, 2017, Defendant posted a job opening for a full-time Police Aide position. (Doc. 13-1 at 12) The application process included a written examination, but the job posting indicated that the examination would be administered by invitation only. (Doc. 13-1 at 12) Plaintiff applied on December 15, 2017. (Doc. 13-1 at 7) Two days later, Plaintiff contacted Defendant to request an accommodation for taking the written examination due to his skin disability. (Doc. 17 at 2) On January 12, 2018, Plaintiff received a letter from Defendant's Human Resources Department notifying him that his application was incomplete and that it would not be considered. (Doc. 13-1 at 5)

1        On September 23, 2018, Plaintiff filed a complaint in the Maricopa County Superior Court, alleging employment discrimination under Title I of the Americans with Disabilities Act ("ADA"). (Doc. 1-3 at 7) Defendant filed a notice of removal with this Court on January 7, 2019. (Doc. 1) On March 12, 2019, Defendant filed a motion to dismiss under Rule 12(b)(6). (Doc. 13) The Court granted the motion without prejudice so that Plaintiff could have leave to amend the complaint. (Doc. 16) Plaintiff timely filed the Amended Complaint. (Doc. 17) On September 19, 2019, Defendant again filed a Rule 12(b)(6) motion to dismiss, arguing that the Amended Complaint failed to state a claim of discrimination under the ADA. (Doc. 18) Defendant attached multiple documents to the Motion that were not a part of the Amended Complaint. (Docs. 13-1, 18-1) Pursuant to Rule 12(d), the Court gave both parties an opportunity to submit documents supporting their respective positions and ordered that the Motion be treated as one for summary judgment under Rule 56. (Doc. 21)

**II.     Legal Standard**

When deciding a Rule 12(b)(6) motion, a court generally cannot look beyond the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). If a court considers documents not attached to or referenced in the complaint, the Rule 12(b)(6) motion must be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can satisfy this burden by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322–23. To survive a motion for summary judgment, the nonmovant must set forth specific facts establishing a genuine issue for trial by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

1 declarations, stipulations (including those made for purposes of the motion only),
2 admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). When
3 considering a motion for summary judgment, a court must view the factual record and draw
4 all reasonable inferences in a light most favorably to the nonmoving party. *Leisek v.*
5 *Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002).

6 **III. Discussion**

7 Defendant argues that the Amended Complaint should be dismissed because it fails
8 to correct the deficiencies in the original complaint. (Doc. 18 at 1) Specifically, Defendant
9 asserts that Plaintiff fails to state a prima facie claim under the ADA because he is not a
10 qualified individual with a disability and cannot show that any discriminatory action was
11 taken against him due to a disability. (Doc. 18 at 1-2) In response, Plaintiff argues that he
12 has sufficiently stated a claim under the ADA. (Doc. 19 at 1)

13 To state a prima facie claim of discrimination under the ADA for failure to hire, a
14 plaintiff must demonstrate that he: (1) is a disabled person within the meaning of the
15 statute; (2) is qualified, with or without reasonable accommodation, to perform the
16 essential functions of the job he seeks; and (3) was discriminated against because of the
17 disability. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007).

18 A. Disability

19 The ADA defines a "disability" as "a physical or mental impairment that
20 substantially limits one or more major life activities of such individual." 42 U.S.C. §
21 12102(1). Here, Plaintiff asserts that he has a skin disability which "includes but is not
22 limited to sun sensitivity." (Doc. 17 at 4) However, Plaintiff fails to provide the name of
23 his skin condition, when he was diagnosed, or any other evidence substantiating his
24 condition. The Court finds that Plaintiff's bare assertion fails to meet even the minimal
25 standard for establishing a disability under the ADA. *Leisek*, 278 F.3d at 898 ("[T]he non-
26 moving party must go beyond the pleadings and 'set forth specific facts' that show a
27 genuine issue for trial.") (citation omitted).

28 As to the mental disability, Plaintiff repeatedly asserts that Defendant caused him

to endure a mental defect. (Doc. 19 at 1-2) Plaintiff asserts that he is disabled because he was previously declared incompetent to stand trial. (Doc. 17 at 3) Plaintiff maintains that his mental defect prevents him from exercising his second amendment right and being employed. (Doc. 17 at 4) To rebut Plaintiff's assertion, Defendant attached to its Motion an order from a 2004 criminal case between Plaintiff and the State of Arizona. (Doc. 18-1) The order states that Plaintiff was adjudicated incompetent to stand criminal trial pursuant to Arizona Revised Statute § 13-4517. (Doc. 18-1 at 3-4) Defendant maintains that this is not an on-going disability recognized under the ADA. (Doc. 18 at 6) Indeed, although the Maricopa County Superior Court adjudicated Plaintiff incompetent to stand trial, the court denied the State of Arizona's request to have Plaintiff taken into custody and committed to a mental institution. (Doc. 18-1 at 4) Again, the Court finds that Plaintiff has failed to provide evidence in support of a recognized disability under the ADA, and his reference to a sixteen-year-old criminal case alone is insufficient to establish the first element of his claim. *Cf. Cooper v. Kliebert*, Nos. 14-507-SDD-EWD, 15-751-SDD-RLB, 2016 WL 3892445, *6 (M.D. La. July 18, 2016) (finding the plaintiffs' adjudication as incompetent to stand trial qualified as a disability for the purposes of their ADA claim because the plaintiffs were still under their incompetency orders while being held as a pretrial criminal detainees).

   B.  Qualified Individual

Even assuming that Plaintiff is a disabled individual under the ADA, Plaintiff has not provided sufficient evidence showing that he is a qualified individual. A "qualified individual" is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). When determining whether a job requirement is an "essential function," a court must look to whether the employer "has prepared a written description before advertising or interviewing applicants for the job, this description shall be considered evidence of the essential functions of the job." *Id.* "If a disabled person cannot perform a job's 'essential functions' (even with a reasonable

accommodation), then the ADA's employment protections do not apply." *Cripe v. City of San Jose*, 261 F.3d 877, 884 (9th Cir. 2001).

Plaintiff asserts that he can fulfill all functions of the job with the reasonable accommodation of working at night. (Doc. 19 at 2) The Amended Complaint states that Plaintiff can drive and maintain a valid driver's license, "apply the law and facts to situations and service calls," and use prudent judgment. (Doc. 17 at 3) These generic assertions do not show that Plaintiff can perform the essential functions of the job, with or without accommodations for his alleged mental disability. Such essential functions include: (1) interviewing victims and witnesses; (2) compiling police reports on a computerized system; (3) measuring distances, making calculations, and drawing diagrams; and (4) testifying in court. (Doc. 13- 1 at 13)

Furthermore, the job posting also lists physical demands that an employee must endure while performing the essential functions of the position. Such demands include exposure to dirt, dust, pollen, inclement weather, and temperature extremes. (Doc. 13-1 at 13-14) Plaintiff asserts that his skin disability "includes but is not limited to sun sensitivity." (Doc. 17 at 4) Yet Plaintiff fails to describe how exposure to the various physical elements listed in the job description may impact his alleged skin disability—regardless of whether the essential functions are performed during the day or at night. Consequently, the Court finds that Plaintiff fails to establish the second element of his claim.

## IV. Conclusion

For the foregoing reasons, the Court finds that Plaintiff fails to state a prima facie claim for relief under Title I of the ADA.[1] Accordingly,

///

///

---

[1] Because the Court finds that the first two elements are dispositive in this case, the Court does not address Defendant's argument regarding the third element of Plaintiff's claim. *See Giddings v. Vision House Prod., Inc.*, 584 F.Supp.2d 1222, 1225 (D. Ariz. 2008).

5

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is **granted**.

**IT IS FURTHER ORDERED** that this action shall be **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 22nd day of April, 2020.

Honorable Steven P. Logan
United States District Judge